FILED
~~RECEIVED~~

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 2016 OCT -3 PM 2:38

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ELISA LEBAR,

6:16-cv-1727-ORL-37-KRS

    Plaintiff,

v.

JOHN WILEY AND SONS,
INC.

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ELISA LEBAR, an individual (hereinafter "Plaintiff" or "LEBAR"), by and through the undersigned counsel, hereby files her Complaint against Defendant, JOHN WILEY AND SONS, INC. (hereinafter "Defendant" or "WILEY"), under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., the Florida Civil Rights Act ("FCRA") and for unpaid wages/bonus, and in support thereof states as follows:

### JURISDICTION

1.    This is an action under the ADEA, the FCRA and for unpaid wages/bonus; Plaintiff is seeking compensation for lost wages, compensatory damages and punitive damages in excess of $15,000.00.

### PARTIES

2.    LEBAR is a citizen of the United States and is a resident of Seminole County, Florida. LEBAR is a former employee of WILEY and worked for same in Seminole County, Florida.

3.    LEBAR was born on October 22, 1954.

1

4. WILEY is a Florida Corporation, engages in an industry affecting interstate commerce and employed twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

5. WILEY engages in business in Seminole County, Florida.

## CONDITIONS PRECEDENT

6. LEBAR timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCRA") claiming violations of the ADEA and the FCRA. All conditions precedent that are necessary to bring this action have been satisfied or waived.

## FACTUAL ALLEGATIONS

7. From August 2009 to her termination in June 2015, LEBAR was employed by WILEY serving initially as a Program Manager until she was promoted to the position of Senior Program Manager in 2012. At the time of her termination, LEBAR earned approximately $90,000.00 per year, exclusive of the value of fringe benefits.

8. LEBAR's job duties always consisted of recruiting prospective students to attend a master's program at St. Joseph's University in Philadelphia, Pennsylvania.

9. Specifically, LEBAR was responsible for recruiting master's candidates for St. Joseph's University's Special Education and Secondary Education masters programs.

10. LEBAR was one of WILEY'S top Senior Program Managers and always provided St. Joseph's with top candidates that meet not only St. Joseph's standards, but also those set forth by the Pennsylvania Education Board.

11. Despite her efforts to provide St. Joseph's with quality prospective candidates, in August 2013 WILEY began issuing LEBAR unwarranted disciplinary warnings regarding her alleged failure to comply with WILEY'S Student Engagement Model ("SEM").

12. These unwarranted disciplinary warnings, which were tantamount to harassment, continued in 2013 and ultimately led to LEBAR receiving her first written warning in February 2014. All of these disciplinary issues related directly to LEBAR'S purported substandard performance.

13. WILEY continued to discipline LEBAR for the same alleged issues throughout 2014 and into 2015.

14. Strangely, however, in April 2015, even though LEBAR'S performance had allegedly been subpar for more than a year, WILEY increased LEBAR'S compensation by twenty (20%) percent. WILEY also promised LEBAR a $10,000.00 bonus for her achievement of working for five (5) or more years with the Company. This increase in salary and promised bonus was given to LEBAR because her performance was above that of what is normally expected for a Senior Program Manager.

15. Specifically, WILEY retained the services of an outside source to conduct annual reviews of its employees' performance. The reviews were scored utilizing "SEM" and in 2014 LEBAR received a score of 88.4, which equates to "often exceeds expectations."

16. Moreover, in January 2015, LEBAR had the largest number of students for the Special Education Program. In fact, throughout her employment LEBAR was always one of WILEY'S top Senior Program Managers and was also the oldest employee that held that position.

17. Notwithstanding LEBAR'S stellar performance and sudden increase in compensation, WILEY abruptly terminated LEBAR'S employment on June 19, 2015 under the guise of poor performance.

18. WILEY knew it did not have a legitimate, non-discriminatory reason to terminate LEBAR'S employment, so it began creating a paper trail of meritless write-ups and alleged performance issues to support its unlawful employment decision.

19. However, despite WILEY'S attempts to hide its true motive, LEBAR'S performance, as compared to that of other much younger Senior Program Managers, will establish that WILEY had discriminatory motives.

20. To further demonstrate its unlawful motives, WILEY replaced LEBAR'S position as Senior Program Manager with someone that is substantially younger.

21. By reason of the foregoing, WILEY'S actions, and non-actions, affected the "terms, conditions or privileges" of LEBAR'S employment under the ADEA and the FCRA.

22. WILEY does not have a non-discriminatory basis for terminating LEBAR'S employment.

23. LEBAR was over the age of forty (40) during her employment, and therefore is a member of a protected class under the ADEA.

## COUNT I – VIOLATION OF THE ADEA

24. LEBAR realleges and adopts the allegations contained in paragraphs 1-23 as if fully set forth in this Count.

25. During her employment, LEBAR was an exemplary employee.

26. LEBAR was over sixty (60) years old when her employment was terminated.

27. WILEY did not have a legitimate, nondiscriminatory reason for terminating LEBAR'S employment.

28. The individual who replaced LEBAR is under thirty (30) years old.

29. WILEY'S termination of LEBAR was willful and intentional, and constitutes a reckless disregard for LEBAR'S rights.

**WHEREFORE,** LEBAR prays that this Court will issue a declaratory judgment that the discrimination against LEBAR by WILEY was a violation of the ADEA, require WILEY to make LEBAR whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay, grant LEBAR a judgment against WILEY for damages, including liquidated damages, and award LEBAR reasonable attorney's fees and litigation expenses against WILEY pursuant to the ADEA.

## COUNT II – VIOLATION OF THE FCRA

30. LEBAR realleges and adopts the allegations contained in paragraphs 1-23 as if fully set forth in this Count.

31. The acts of WILEY, by and through its agent and employees violated LEBAR'S rights against age discrimination under the FCRA.

32. The discrimination to which LEBAR was subjected was based on her age.

33. The conduct of WILEY and its agents and employees proximately, directly, and foreseeably injured LEBAR, including, but not limited to, lost wages, benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

34. The conduct of WILEY was so willful and wanton, and in such reckless disregard of the statutory rights of LEBAR, as to entitle her to an award of punitive damages against WILEY, to deter it, and others, from such conduct in the future.

35. LEBAR is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

**WHEREFORE,** LEBAR prays that this Court will issue a declaratory judgment that the discrimination against LEBAR by WILEY was a violation of the FCRA, require WILEY to make LEBAR whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay, grant LEBAR a judgment against WILEY for damages, award LEBAR compensatory damages and punitive damages, and award LEBAR reasonable attorney's fees and litigation expenses against WILEY pursuant to the FCRA.

### COUNT III – BREACH OF AGREEMENT/CONTRACT

36. LEBAR realleges and adopts the allegations contained in paragraphs 1-23 as if fully set forth in this Count.

37. In April 2015, WILEY promised to provide LEBAR with a $10,000.00 bonus for her completion of five (5) years of service with the Company. Soon thereafter, WILEY unlawfully terminated LEBAR'S employment prior to paying her the promised $10,000.00 bonus.

38. LEBAR satisfied all terms and conditions of her employment by performing all duties and obligations required of her by WILEY in her position.

39. WILEY breached the agreement by unilaterally and without justification, refusing to pay LEBAR the non-discretionary $10,000.00 bonus.

40. LEBAR is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 448.08 Florida Statutes.

**WHEREFORE,** LEBAR demands judgment against WILEY for the unpaid wages/bonus, attorneys' fees and her costs and expenses, and any other and further relief as this Court deems just and appropriate.

### COUNT IV – UNJUST ENRICHMENT

37. LEBAR realleges and adopts the allegations contained in paragraphs 1-23 as if fully set forth in this Count.

38. During LEBAR'S employment with WILEY, she performed labor and/or work to generate income for WILEY. WILEY agreed to provide a $10,000.00 bonus to LEBAR for her accomplishments and long standing service with the Company.

39. WILEY wrongfully withheld LEBAR'S $10,000.00 bonus and unlawfully terminated her employment prior to paying LEBAR.

40. Circumstances are such that it would be an inequity for WILEY to retain the benefit of the full income generated by LEBAR without paying the agreed upon bonus.

**WHEREFORE,** LEBAR demands judgment against WILEY for the unpaid wages/bonus, attorneys' fees and here costs and expenses, and any such other further relief as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 3rd day of October 2016

**JACOB AUERBACH P.A.**

By: /s/ *Jacob Auerbach*
Jacob Auerbach, Esq.
Florida Bar No. 0084003
5521 N. University Drive, Suite 204
Coral Springs, FL  33067
Phone: (954) 906-8228
Jacob@aalawllc.com
Attorney for Plaintiff